# FT. WORTH ELEVATOR CO. v. STATE GUARANTY BANK.

No. 11658—Opinion Filed Oct. 9, 1923.

Rehearing Denied Nov. 3, 1923.

1. **Carriers — Bill of Lading — Transfer — Warranties — Interstate and Foreign Commerce.**

Under Act of Congress, approved August 29, 1916, the person who negotiates or transfers for value a bill by indorsement or delivery, unless a contrary intention appears, warrants: That the bill is genuine; that he has a legal right to transfer it; that he has knowledge of no fact which would impair the validity, or worth of the bill; that he has a right to transfer the title to the goods, and the goods are merchantable or fit for a particular purpose whenever such warranties would have been implied if the contract of the parties had been to transfer without a bill the goods represented thereby.

2. **Same—Forged Bill of Lading—Liability of Bank Indorsing.**

Where a bank receives from a party a draft with a bill of lading attached, and the bank gives the party credit for the amount and then indorses the bill and sends through his usual channel to the party on whom it is drawn and the same is paid and the bill proves to be a forgery, said bank is liable to the person paying same for the amount paid by him.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by Ft. Worth Elevator Company against State Guaranty Bank of Blackwell. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

L. A. Maris, for plaintiff in error.

J. E. Curran, for defendant in error.

Opinion by MAXEY, C. The parties appear in this court as they did in the court

below, and will be referred to as plaintiff and defendant. This is a suit by the plaintiff against the defendant for the payment of an amount paid on a draft with bill of lading attached for $2,440 drawn by H. L. Tankersley and deposited in the defendant bank at Blackwell, Okla., which sent it through its usual course to the plaintiff at Ft. Worth, Tex., which paid the draft. The bill of lading attached to the draft proved to be a forgery. It was on the regular form of bills of lading issued by the Atchison, Topeka & Santa Fe Railway Company at Hunnewell, Kan., and purported to be for a carload of wheat shipped to Galveston, Tex. As before stated, the draft with the bill of lading was deposited in the State Guaranty Bank at Blackwell, Okla., being the defendant bank, and Tankersley was given credit for same on his account. This draft was dated January 26, 1917, and on December 30, 1916, Tankersley had drawn another draft with bill of lading attached, which was identical with the draft and bill of lading involved in this case, except date and amount. That draft was proved to be a forgery and a suit involving that draft was instituted in Texas and reached the Civil Court of Appeals and was decided by that court in May, 1919, and reported in 214 S. W. 656. The court in that case held the bank not liable. It is insisted that that case is not a precedent for the case at bar, for the reason that the act of Congress approved August 29, 1916, relating to bills of lading in interstate and foreign commerce, by the last section of this act, which is as follows: That "this act shall take effect and be in force on and after the first day of January next after its passage." It will be seen that this act was not in force at the time the draft with bill of lading attached was given on December 30, 1916, but was in force on the 26th day of January, 1917, when the draft and bill of lading involved in this case was dated. The applicable section of said act of Congress, approved August 29, 1916, is as follows:

"That a person who negotiates or transfers for value a bill by indorsement or delivery unless a contrary intention appears, warrants: (a) That the bill is genuine; (b) that he has a legal right to transfer it; (c) that he has knowledge of no fact which would impair the validity or worth of the bill; (d) that he has a right to transfer the title to the goods, and that the goods are merchantable or fit for a particular purpose whenever such warranties would have been implied if the contract of the parties had been to transfer without a bill the goods represented thereby."

This act was intended to protect interstate commerce, and we think it does, and when you apply the provisions of the section above quoted to this transaction, it will be seen that all of the reasoning of the case decided by the civil court of appeals in Texas, supra, has no application to the transaction involved in this case. In that case, it was governed largely by custom and what banks and shippers understood the law to be, but in this case a person who negotiates or transfers for value a bill by indorsement or delivery, unless the contrary intention appears, warrants: (1) That the bill of lading is genuine; (2) that he has a legal right to transfer it; (3) that he has knowledge of no fact which would impair the validity or worth of the bill of lading; (4) that he has a right to transfer the title to the goods, and that the goods are merchantable or fit for a particular purpose whenever such warranties would have been implied if the contract of the parties had been to transfer without a bill the goods represented thereby. This puts the indorser or transferer in quite a different position to what a transferer was in prior to the first day of January, 1917. This act has been held constitutional in an opinion by Chief Justice White in the case of United States v. Ferger et al., 250 U. S. 199. Counsel for defendant in error has filed a strong brief, but has cited no case where the Federal Bill of Lading Act was in force. The draft was for $2,440, for which plaintiff asked judgment, with six per cent. interest from January 29, 1917, and for costs of suit. We think that under the terms imposed upon the defendant bank by the Federal Bill of Lading Act, supra, the bank is liable to the plaintiff for the amount sued for. We, therefore, recommend that the case be reversed and remanded, with directions to the lower court to enter judgment for the plaintiff, Ft. Worth Elevator Company, for the amount sued for and interest.

By the Court: It is so ordered.