———— JACOBS, Plaintiff, *v.* BANQUE POUR LE COMMERCE ET L'INDUSTRIES A VARSOVIE, Defendant.

Supreme Court, Kings County, August 13, 1927.

Bills and notes — drafts — action by drawee against bank collecting draft to recover amount paid on ground that bill of lading accompanying draft was forged — bank is not liable — Personal Property Law, § 221, not applicable.

The plaintiff entered into an agreement to purchase beeswax from a person living in Greece, and thereafter paid to the defendant the amount of a draft drawn against the bill of lading; it later developed that the bill of lading was forged and the plaintiff seeks to recover from the bank collecting the draft the amount he paid to it. The defendant has remitted the money to the drawer of the draft.

The defendant, which did not buy the draft but acted merely as an agent for collection, is not liable on an implied warranty, as to the genuineness of the bill of lading, for no such warranty arose as between the plaintiff and the defendant.

The fact that the defendant indorsed the bill of lading in blank does not make it liable, under section 221 of the Personal Property Law, for that section does not apply to the defendant who acted as agent only, and he did not sell the bill of lading or get value for it, except as agent.

ACTION by drawee of a draft to recover the amount paid thereon on the ground that the bill of lading accompanying the draft was forged.

———————— for the plaintiff.

———————— for the defendant.

CROPSEY, J. The drawee of a draft seeks to recover the amount paid thereon on the ground that the bill of lading accompanying it was forged. Plaintiff had had correspondence with a party in

Salonika, Greece, which resulted in an agreement to buy beeswax to be shipped by steamer and to be paid for by sight draft. In due time the seller sent his draft drawn upon the plaintiff. This was payable to the order of the defendant and was sent to it. Attached to it was a bill of lading to the order of the shipper, and indorsed in blank by him. Defendant indorsed the draft to the order of Guaranty Trust Company of New York. It also indorsed the bill of lading, but in blank. The trust company presented the documents to plaintiff, and the latter accepted and paid the draft. Later it developed the bill of lading was forged.

The trust company had remitted the money to the defendant, and the latter had paid it to the shipper, before the facts were known. The defendant did not buy the draft, and acted only as the shipper's agent for collection. No express warranty was made by defendant to plaintiff as to the genuineness of the bill, but plaintiff claims there is an implied warranty arising from the facts. The claim by the plaintiff seems contrary to the decision in *Springs* v. *Hanover National Bank* (209 N. Y. 224). But it is urged that that case is not in point, because there the bill was not indorsed by the defendant, and the decision did not deal with the present statute (Pers. Prop. Law, § 221, as added by Laws of 1911, chap. 248), as it had not then been enacted. The provisions of this section, however, are said to " probably express the existing law apart from statute." (2 Williston Sales [2d ed.], § 432, p. 1071.) The English cases are to the same effect as the *Springs* case, irrespective of whether the bill is indorsed. (*Robinson* v. *Reynolds*, 2 Q. B. 196; *Leather* v. *Simpson*, L. R. 11 Eq. 398; *Guaranty Trust Co. of N. Y.* v. *Hannay & Co.*, L. R. [1918] 2 K. B. 623.) And the indorsement of the bill is immaterial under the statute, for, when it applies, it covers a transfer by " indorsement or delivery." The great weight of authority is in accord with the cases cited (see note, 26 Columbia Law Review, pp. 63–70), though there are two other recent decisions in Oklahoma to the contrary (*Ft. Worth Elevator Co.* v. *State Guaranty Bank*, 93 Okla. 191; 220 P. 340; *First National Bank of Heavener* v. *Kempner*, 103 Okla. 237; 229 P. 840).

The statute by its terms does not apply. It states the warranties " on sale of bill " and covers only a transfer of a bill " for value." The defendant did not sell the bill, and got no value for it; that is, it did not transfer it for value, but only as agent of the drawer. It is not liable to the plaintiff. (*Archibald & Lewis Co.* v. *Banque Internationale de Commerce*, 216 App. Div. 322.)

Judgment for defendant, with costs. Settle findings on notice.