## AMERICAN NAT. BANK OF LAWTON v. J. ROSENBAUM GRAIN CO. et al.

No. 18864.   Opinion Filed April 7, 1931.

Rehearing Denied May 5, 1931.

Black & Black and Embry, Johnson & Tolbert, for plaintiff in error.

Snyder, Owen & Lybrand and Reuben M. Roddie, for defendant in error.

LESTER, C. J. The parties appear in the reverse order to that in the district court and for convenience will be referred to as they appeared there.

The Donahoo Grain Company, by William Donahoo, drew a certain draft on the Pipes Grain Company of Oklahoma City and at the same time deposited with the bank a certain bill of lading of a carload of wheat. Said draft, including the indorsements, reads as follows:

"Donahoo Grain Company,
"Lawton, Oklahoma, Dec. 22, 1921.
"D. G. Co.
' Pay to the Order of
   "Citizens State Bank          $1300.00
' Thirteen Hundred and no/100 Dollars
"Car 128388 Wheat.
"Value received and charge same to acc't of
"To Pipes Grain Co.
"Grain Exchange Building,
   "Oklahoma City, Oklahoma.
                    "Donahoo Grain Company.
                    "By W. M. Donahoo."

Stamped on back:

"Pay to the order of
"Any bank, banker, banking or trust co., (all previous indorsements guaranteed). The Citizens State Bank 86-76 of Lawton, Oklahoma, 86-76. T. R. Keegan, Cashier."

The Citizens Bank on the next day nationalized and became the American National Bank of Lawton. The bank, through its correspondents, received $1,300 from the Pipes Grain Company and delivered the bill of lading to the Pipes Grain Company; and approximately 30 days after its purchase of said purported car of grain in transit to New Orleans, La., the Rosenbaum Grain Company discovered that the bill of lading was a forgery.

This cause is by the Rosenbaum Grain Company against Pipes and the bank, and on cross-petition Pipes against the bank. On trial judgment was rendered in favor of the plaintiff, and defendants appealed. It is conceded by both parties to the action that the main issue in this case involves the construction of sections 34 and 36 of the Federal Uniform Bills of Lading Act, which reads in part as follows:

"Section 34. That a person who negotiates or transfers for value a bill by indorsement or delivery, unless a contrary intention appears, warrants (a) that the bill is genuine; (b) that he has a legal right to transfer it; (c) that he has knowledge of no fact which would impair the validity or worth of the bill; (d) that he has a right to transfer the title to the goods, and that the goods are merchantable, or fit for a particular purpose whenever such warranties would have been implied if the contract of the parties had been to transfer without a bill the goods represented thereby."

"Section 36. That a mortgagee or pledgee or other holder of a bill for security, who in good faith demands or received payment of the debt for which such bill is security, whether from a party to a draft drawn for such debt, or from any other person, shall not be deemed by so doing to represent or warrant the genuineness of such bill, or the quantity or quality of the goods therein described."

The defendants on appeal cite several cases in support of their contention, but these cases are not based upon the federal act relating to bills of lading.

In the case of Fort Worth Elevator Co. v. State Guaranty Bank, 93 Okla. 191, 220 Pac. 340, which involves facts similar to the facts in the case at bar, it is held:

"Where a bank receives from a party a draft with a bill of lading attached, and the bank gives the party credit for the amount and then indorses the bill and sends it through his usual channel to the party on whom it is drawn, and the same is paid, and the bill proves a forgery, said bank is liable to the person paying same for the amount paid by him."

The above case is approved by this court in the case of First Nat. Bank of Heavener v. Kempner, 103 Okla. 237, 229 Pac. 840, wherein the 4th paragraph of the syllabus states:

"Under Act of Congress approved August 29, 1916, section 34 (U. S. Comp. St. sec. 8604qq), the person who negotiates or transfers for value a bill by indorsement or delivery, unless a contrary intention appears, warrants that the bill is genuine; that he has a legal right to transfer it; that he has knowledge of no fact which would impair the validity or worth of the bill; that he has a right to transfer the title of the goods, and the goods are merchantable or fit for a par-

ticular purpose whenever such warranties would have been implied, if the contract of the parties had been to transfer without a bill the goods represented thereby."

The defendant on appeal insists that there is a material distinction in the facts between the Fort Worth Elevator Co. v. State Guaranty Bank, supra, and the case herein for the reason that the defendant bank herein did not pay out the money to Donahoo until the same had been received by the bank. We do not think this contention is material under the federal act, supra, wherein it is provided:

"A person who negotiates or transfers for value a bill by indorsement or delivery, unless a contrary intention appears, warrants (a) that the bill is genuine; (b) that he has a legal right to transfer it; (c) that he has knowledge of no fact which would impair the validity or worth of the bill; (d) that he has a right to transfer the title to the goods, and that the goods are merchantable or fit for a particular purpose whenever such warranties would have been implied if the contract of the parties had been to transfer without a bill the goods represented thereby."

On authority of the hereinabove cited cases, judgment is affirmed.

CLARK, V. C. J., and HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY and CULLISON, JJ., absent.